James Sanford BURNETTE, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

March 10, 1976.

Certiorari Denied by Supreme Court April 26, 1976.

James S. Patrick, Hendersonville, Leslie Barham, Jackson, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Etrula R. Trotter, Asst. Atty. Gen., Nashville, George W. Hymers, Dist. Atty. Gen., Jackson, for defendant-in-error.

## OPINION

GALBREATH, Judge.

Plaintiff in error or Appellant has timely filed this appeal from the denial by the Criminal Court of Madison County of his petition for habeas corpus.

Petitioner was tried and convicted of a crime in Alabama. While that conviction was being appealed in Alabama, petitioner, on bond, came to Tennessee where he was subsequently arrested, tried and convicted upon a federal charge. He was then sent to Terra Haute, Indiana to serve the sentence imposed upon the federal conviction. While petitioner was imprisoned in Indiana his Alabama conviction was affirmed. Authorities in Alabama learned where petitioner was and lodged a detainer against him, as did their counterparts in Tennessee. Upon release from the Indiana institution on parole petitioner elected to return to Tennessee. The Alabama authorities then caused to be issued a Governor's Warrant seeking extradition of petitioner to Alabama for the serving of his sentence. Governor Blanton, in turn, signed a Governor's Warrant honoring that sent from Alabama and authorizing petitioner's detention and deliverance to authorities from Alabama. A hearing, as provided under T.C.A. 40–1020 to test the legality of the warrant held on May 2, 1975 in the Madison County Criminal Court was attended by petitioner, an attorney appointed the day before to assist him, the Madison County District Attorney General, and a District Attorney from Alabama who had instigated the attempt to return petitioner to Alabama. The hearing was continued following testimony of the Alabama District Attorney to allow petitioner time to confer with attorneys and to prepare and file a Petition for the Writ of Habeas Corpus as also provided under the provisions of T.C.A. 40–1020. At the continuation hearing petitioner testified and counsel for petitioner and the State argued. The trial judge stated:

"All right, Gentlemen, what we have here is the State of Alabama has submitted that this man is wanted in the State of Alabama on a felony charge. The Governor of Alabama and the Governor of Tennessee have signed extradition papers."

"This Court has the responsibility of determining whether the Defendant present here is the man wanted in the State of Alabama, and he is."

"I realize his concern about some of these matters, and he may have a good defense in the State of Alabama, but the Court, this Court, is of the opinion that he should be released to the Alabama authorities, and I am so holding and it is so ordered. Prepare an order to that effect."

The basis of the principal assignment of error is that petitioner was not a

fugitive since the authorities in the State of Alabama knew where he was. After release from the federal institution in Indiana petitioner, by refusing to return to the demanding State, became a fugitive from it. A case which arose under the law of the State prior to the passage of the Uniform Extradition Act now in effect considered a remarkably similar set of circumstances. See *State ex rel. Lea v. Brown,* 166 Tenn. 669, 64 S.W.2d 841. It was there held that in a habeas corpus proceeding such as in that and this case, the only questions open for consideration are whether petitioner is charged with crime in the demanding state and is a fugitive from justice. It then went on to generally define "fugitive from justice" as "one who, being charged with crime in the demanding state, has fled therefrom." The Supreme Court held further in *Lea* that one who voluntarily appeared in the foreign state to answer criminal charges, was tried and convicted, released on bond pending appeal, left the foreign state and failed to appear upon affirmance of the conviction was indeed a fugitive from justice.

██ The identity of the petitioner as the person whose activities were adjudged a crime in the demanding state is admitted.

Further arguments advanced on behalf of the petitioner to the effect that Alabama has waived its right to his custody and that the authorities of that State have violated his right to an opportunity to have the sentence imposed in Alabama served concurrent to the subsequently imposed federal sentence are not supported by the record or any authorities cited.

The judgment of the trial court is affirmed. A pending contested motion to review bond is denied and petitioner will be held in custody by the Sheriff of Madison County until surrendered to the Alabama authorities; provided, however, if application is timely made to the Supreme Court for review by certiorari the defendant may be at liberty under $10,000.00 bail pending the disposition of such application.

WALKER, P. J., and DAUGHTREY, J., concur.